UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES B. GILL, SR.,

                Plaintiff,

v.                                            Case No. 18-cv-540-pp

ARAMARK CORRECTIONAL SERVICES, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT NO. 101)**

On March 31, 2020, the court granted summary judgment in the defendants' favor on exhaustion grounds, finding that the plaintiff had failed to exhaust his administrative remedies before bringing this §1983 lawsuit alleging violation of his First Amendment rights. Dkt. No. 99. The plaintiff now asks the court to alter or amend that judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 101. He argues that grievance number 18-023, which he filed on January 24, 2018, demonstrates that he exhausted his administrative remedies because he complained that he was being provided only vegan meals. Dkt. No. 101 at 1; Dkt. No. 101-1.

Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. The plaintiff filed his motion for reconsideration twenty-two days after the court entered judgment, so it was timely. "Rule 59(e) allows a court to alter or

1

amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present newly discovered evidence. Instead, he restates the argument from his summary judgment response that grievance 18-023, which he wrote on January 24, 2018, demonstrates that he exhausted his administrative remedies. Dkt. No. 101 at 1. He states, "Like I said I asked for a Halal Diet but what I received was a Vegan Diet with Halal meat 4 times a week." Id.

Under Rule 59(e), the plaintiff is entitled to relief only if he can demonstrate that the court's ruling constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has not demonstrated that the court made a manifest error of law or fact. The plaintiff states that "[e]veryone has taken [his] case out of context." Dkt. No. 106 at 5. He argues, "I wanted a Halal diet; I was

2

given a vegan diet. I grieved the problem, and the problem was not fixed." Id.

It is true, as the court acknowledged in its order granting summary judgment, that the plaintiff did complain in grievance 18-023 that while he had asked for an Islamic diet, on January 24, 2018 the kitchen sent him a vegan diet. Dkt. No. 99 at 18, n.5. But as the court also noted, in February 2018, after the plaintiff submitted that grievance, the defendants attempted to "fix" the problem by providing the plaintiff halal meat four times per week. Id. at 19. As the court stated in its order, if the plaintiff felt that the solution the defendants provided violated his rights, he should have filed another grievance. Id. at 19-20.

The plaintiff asserts that the defendants admitted that between February 14, 2018 and August 20, 2018, he was served 459 vegan meals. Dkt. No. 106 at 5 (citing Dkt. No. 39-2 at 4). He ignores the fact that the defendants *also* stated that during that period, he received approximately "104 meal trays with halal meat added." Dkt. No. 39-2 at 4. As the defendants point out, the plaintiff did not file a grievance about the *frequency* with which he was being provided halal meals. Dkt. No. 102 at 2-3. The defendants quote the court's decision, in which it stated that there is no evidence that the plaintiff ever complained about "the four-meal-per-week solution." Id. (quoting Dkt. No. 99 at 22).

The plaintiff appears to believe that by complaining about one vegan meal and concluding that complaint by saying, "I would like a Halal diet,

3

which is a Muslim/Islamic diet," (dkt. no. 101-1), he put the prison staff on notice that he wanted (and his faith required him to have) every single meal he was served to include halal meat. He insists on this interpretation despite the fact that over the six months when he was receiving four meals a week that included halal meat, he did not notify prison staff that this solution did not address his concerns. As the defendants argue, the plaintiff did not give prison staff the opportunity to address what he *now* claims his complaint was—his desire to have every meal be a halal meal.

The plaintiff did not exhaust his remedies because he did not give prison staff notice that his request for a "Halal diet" was a request that every meal contain halal meat. The court has no reason to change its ruling.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 101.

Dated in Milwaukee, Wisconsin this 19th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:18-cv-00540-PP   Filed 11/19/20   Page 4 of 4   Document 108